# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SAILBOAT BAY APARTMENTS, LLC** | * | **CIVIL ACTION NO.** |
| | * | |
| **VERSUS** | * | **SECTION:** |
| | * | **JUDGE** _____ |
| | * | |
| **UNITED STATES OF AMERICA** | * | **MAGISTRATE** _____ |
| | * | |
| | * | **COMPLAINT UNDER** |
| | * | **FEDERAL TORT CLAIMS ACT** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

**NOW COMES**, through undersigned counsel, plaintiff, Sailboat Bay Apartments, L.L.C., a domestic corporation licensed to do and doing business in the State of Louisiana, with its domicile in the Parish of Orleans, who respectfully files this Complaint against defendants, the United States of America and the United States Army Corps of Engineers, as follows:

## I.

## PARTIES

1. Plaintiff, Sailboat Bay Apartments, LLC, a domestic corporation licensed to do and doing business in the State of Louisiana, with its domicile in the Parish of Orleans;

2. Defendant, United States of America acting through its lawfully authorized employees, agents and agencies, including the Department of the Army. The United States of America, a sovereign government amendable to suit for civil liability in accordance with the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*; and

3. Defendant, the United States Army Corps of Engineers, a division of the United States

1

Government under the direct jurisdiction of the Department of the Army.

## II.

## JURISDICTION

4. Plaintiff filed an administrative claim with the Office of Counsel for the United States Army Corps of Engineers in New Orleans, Louisiana, on June 25, 2012, as required by law.[1]

5. Plaintiff was notified by certified mail dated April 17, 2014 that their claims were denied.[2] Accordingly, pursuant to 28 U.S.C. § 2401(B), suit is timely filed within six (6) months of the date of the mailing of the letter denying the Plaintiff's claim.

## III.

## VENUE

6. Venue is proper under 28 U.S.C. § 1402(b) because all of the acts and omissions complained of herein occurred in Orleans Parish, Louisiana, within the Eastern District of Louisiana, New Orleans Division.

## IV.

## FACTS

7. In late 2009 or 2010, the United States Army Corps of Engineers ("USACE") entered into a contract with Tetra Tech EC, Inc. to perform work on the new flood walls along Lake Marina Drive in New Orleans, Louisiana, and to perform certain flood control improvements on the existence flood protection structures.

8. During the performance of the work under the contract, Tetra Tech, at USACE's authorization and direction, as well as USACE agency representatives themselves, entered

---

[1] See Administrative Claims, attached hereto as Exhibit "1."
[2] See Denial letter, attached hereto as Exhibit "2."

and trespassed upon Sailboat Bay's property to rebuild and repair sections of the adjacent levee wall. Tetra Tech and USACE also removed Sailboat Bay's landscaping and removed and/or damaged greenery in order to conduct their work.

9.   Upon discovery of Tetra Tech and USACE's use of and damage to its property and the removal of certain improvements thereon, Sailboat Bay contacted Mr. Harry Ebraheim, and Bill Stanich, Project Manager and superintendent of Tetra Tech, respectively, with its concerns regarding the trespass, use and damage to the property. Mr. Ebraheim agreed that Sailboat Bay was entitled to, and its property would be, restored to its pre-contract condition; and would be compensated for the loss of use suffered by Sailboat Bay as a consequence of the subject work.

10.  During the course of their work performed under the subject contract, Tetra Tech and USACE removed and/or damaged the concrete foundation of Sailboat Bay's parking lot, including its drainage system; removed a portion of an eight foot concrete wall; caused damage to the building structure by attaching temporary electric poles to Sailboat Bay's property; struck the building with its work equipment, causing damage to the building and also to the pipe insulation hanging over the garage; used and damaged green space adjacent to the parking garage; and damaged and/or removed landscaping around the property.

11.  The work on the subject contract was completed in October 2011. Thereafter, portions of the grass and greenery were replaced, but no landscaping was replaced.

12.  USACE was responsible for ensuring that the plaintiff would be justly compensated for the occupation of his property and that no physical damages would be caused to the plaintiff's property, which USACE failed to do.

13.  Sailboat Bay paid over $8,000 per month to the New Orleans Levee District to lease the

space that was overtaken by USACE and Tetra Tech without permission or due process; and despite having been lead to believe contrarily, Sailboat Bay was never reimbursed for the deprivation of its use and enjoyment of roughly 30% of its parking lot and green space.

14. No one, including USACE, provided any notice to Plaintiff that they were going to commandeer and trespass upon and cause the damages described above to Plaintiff's property.

## V.

## CLAIMS FOR RELIEF

Plaintiff, Sailboat Bay, re-alleges and incorporates by reference all of the allegations of paragraphs 1 through 14 of this Complaint, and further alleges as follows:

15. USACE was responsible for ensuring that the plans, specifications, and drawings for use of the subject contract required rebuilding the eight foot concrete wall to the original height and with like materials and proper workmanship, that the work performed under the plans, specifications and drawings would not cause damage to Sailboat Bay's property or building, and that all work would be performed with proper materials and workmanship.

16. USACE owed a duty to Plaintiff to refrain from negligent acts and omissions in carrying out their responsibilities. USACE breached that duty and is directly liable for the damages sustained by your petitioner, including but not limited to the following non-exclusive acts or omissions:

A)     Failing to ensure that the plans, specifications, and drawings for use on the subject contract required rebuilding of the eight foot concrete wall to its original height and with like materials and with proper workmanship;

B)     Failing to ensure that the plans, specifications, and drawings for use on the subject

contract required proper laying of the parking lot foundation in a quality and workmanlike manner;

C)      Failing to ensure that the plans, specifications, and drawings for use on the subject contract required proper grading of the slope of the foundation in order to allow proper drainage of the parking lot area;

D)      Failing to ensure that the plans, specifications, and drawings for use on the subject contract included proper design and/or installation of the drainage system to prevent flooding and related drainage issues;

E)      Failing to ensure that the plans, specifications, and drawings for use on the subject contract required proper restriping of the parking lot;

F)      Failing to ensure that the plans, specifications, and drawings for use on the subject contract would not cause damage to the Sailboat Bay building and parking garage due to temporary attachments and physical impacts with equipment and/or materials and/or failing to require repair of such damage;

G)      Failing to ensure that removed and/or damaged greenery and other landscape would be replaced upon completion of the contracted work;

H)      Failing to ensure that the plans, specifications, and drawings for use on the subject contract required return of the property to its pre-construction condition;

I)      Trespassing upon, and using property, and depriving Sailboat Bay of its use and enjoyment of same, without proper compensation as provided by law; and

J)      All other such acts or omissions constituting negligence which may be determined through the course of discovery or at trial on the merits of the above captioned matter.

17.  The Plaintiff has complied with all conditions precedent to this action.

18. Plaintiff has not been compensated for the trespass and damages caused by Defendant's despite demand therefore.

19. Defendant knew or should have known that its acts and omissions would proximately cause the damages suffered by the petitioner.

20. As a result of the aforementioned acts and omissions, your petitioner is entitled to recover from the United States, through USACE, for all damages proximately caused, including but not limited to all repair and replacement costs of all property damaged, impaired or destroyed, and including trespass damages, and the value of the lost use of the property; attorney's fees, court costs and interest from the earliest date allowable by law until paid, and any other relief provided by law.

21. In the alternative, solely in the event that this Court finds that Defendant's actions rise to the level of a takings, and not as a trespass, and that damages are recoverable in this Court solely under The Little Tucker Act, 28 U.S.C. § 1346(a)(2), then Plaintiff pleads as an alternative remedy entitlement to recover up to the statutorily defined cap.

**WHEREFORE**, Sailboat Bay Apartments, LLC respectfully prays that this Complaint be good and sufficient, that defendants be served with this Complaint, and be duly cited to appear and answer same; and that after all due proceedings be had there be judgment rendered in favor of Plaintiff and against Defendant, the United States, through the USACE, for all such damages to which Plaintiff is entitled, together with legal interest on all amounts from the earliest date allowable by law until paid, for attorneys' fees, expenses and all costs of these proceedings, and for all  other general and equitable relief as this court deems fit and proper.

Respectfully Submitted,

STAINES & EPPLING

THOMAS J. EPPLING (14255)
JULIE STEED KAMMER (24656)
ASHLEY E. BOYD (32509)
3500 North Causeway Boulevard
Suite 820
Metairie, LA 70002
Telephone:  (504) 838-0019
Facsimile:  (504) 838-0043
Counsel for Sailboat Bay Apartments, LLC