UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


SAILBOAT BAY APARTMENTS, LLC                    CIVIL ACTION

v.                                              NO. 14-2344

UNITED STATES OF AMERICA, ET AL.                SECTION "F"


ORDER AND REASONS

Before the Court is the plaintiff's Rule 54(b) motion to certify judgment as final.  For the reasons that follow, the motion is DENIED.

Background

This case arises from property damage allegedly caused by the poor workmanship and oversight of the United States Army Corps of Engineers in completing the Hurricane & Storm Damage Risk Reduction System at the Lakefront levee around the 17th Street Canal.  Some of the work occurred at or near the Sailboat Bay Apartment complex, located at 8600 Pontchartrain Boulevard.  Sailboat Bay brought claims for negligence, property damage, and trespass resulting from that construction work.

The project included a contract that the Corps awarded to Tetra Tech EC, Inc., for new T-wall and floodgates from the 17th Street Canal to Topaz Street along West Marine Avenue and Lakeshore Drive in the Lakeview area of New Orleans.  The defendants used the

1

plaintiff's parking garage to demolish the existing floodwall adjacent to the apartment complex, along with a ten-foot strip of parking paving adjacent and parallel to the floodwall. The defendants also demolished the existing drainage underneath the parking lot pavement, and new drainage lines were installed.

Sailboat Bay Apartments holds its property under a lease with the Orleans Levee District (OLD). In that lease, the OLD reserved some of its right to the property; the parties dispute the extent of the reservation. Sailboat Bay contends that the OLD retained the rights to only a twelve-foot strip of property, and because the Corps's work crossed that line, the Corps worked outside of its easement with the Corps and trespassed onto Sailboat Bay's property. According to the Corps, the lease -- when viewed in full -- contemplates Sailboat Bay's control over its apartment building and the OLD's control over the lands affecting flood-control structures nearby.

The OLD granted the Corps a signed Authorization for and Right of Entry for Access, Construction, Operation, Maintenance, Repair, Rehabilitation, and Replacement. The Authorization states that the OLD, as the property owner, "grants a partial right of entry to existing Orleans Levee District rights-of-way, servitudes and properties under its jurisdiction." The OLD attested that it was "vested with sufficient ownership interests in these immovable property interests or rights of use thereof to support the Right of

2

Entry granted," and the grant was "expressly limited to the descriptions of the immovable property interests and their extents, with regard to property descriptions and boundaries, which are owned by the Orleans Levee District."

The Corps's contract with Tetra Tech states that upon completion of the Contractor's work, "rights-of-way furnished by the Government shall be returned to its original condition prior to construction unless otherwise noted."[1]  The project was completed in summer 2011 and, shortly thereafter, Tetra Tech began repairing or replacing the damaged portions of the parking lot, building, and concrete wall using drawings that the Corps had produced.  Alleging that the replacement plans and the resulting work were grossly inadequate, incomplete, deficient, and defective, the plaintiff sued first the United States and the United States Army Corps of Engineers, and then amended its complaint to add Tetra Tech EC, Inc. as a defendant.

---

[1] It also states:

The Contractor shall be responsible for the preservation of all public and private property, and shall use every precaution necessary to prevent damage thereto.  If any direct or indirect damage is done to public or private property by or on account of any act, omission, neglect, or misconduct in the execution of the work on the part of the Contractor, such property shall be restored by the Contractor, at his expense, to a condition similar or equal to that existing before the damage was done, or he shall make good the damage in another manner acceptable to the Contracting Officer.

3

On May 13, 2015 the Court granted two motions by the United States and United States Army Corps of Engineers: a motion to dismiss the plaintiff's property damage and negligence claims for lack of subject matter jurisdiction and a motion for summary judgment as to the plaintiff's trespass claim.  In so doing, the United States and the Corps were dismissed as defendants.  The plaintiff now moves for an order pursuant to Rule 54(b) certifying the May 13 Order and Reasons as a final judgment.

I.

A.

When a court ruling resolves one or more, but fewer than all, claims, Federal Rule of Civil Procedure 54(b) provides an avenue to appeal part of the suit; the rule provides:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Pursuant to this rule, the Court may permit an interlocutory appeal by expressly certifying that there is "no just reason for delay", and directing entry of a final judgment on the issue.  In determining whether there is no just reason for delay, the Court

4

should "take into account judicial administrative interests as well as the equities involved." Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8, 100 S.Ct. 1460, 1465 (1980). However, the Court should grant certification only when there is some danger of hardship or injustice through delay that would be alleviated by an immediate appeal. Pyca Industries, Inc. v. Harrison County Wastewater Mgmt. Dis., 81 F.3d 1412, 1421 (5th Cir. 1996).

Avoidance of piecemeal appeals is "[o]ne of the primary policies behind requiring a justification for Rule 54(b) certification." See id. Rule 54(b) motions are disfavored and should be granted only when necessary to avoid injustice. Id. (citation omitted). Indeed, such motions "should not be entered routinely as a courtesy to counsel." Id. Rather, "[a] district court should grant certification [in a Rule 54(b) case] only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." Id. (citation omitted).

As a threshold matter, the Court exercises its sound discretion in determining whether "there is no just reason for delay." See Ackerman v. FDIC, 973 F.2d 1221, 1224 (5th Cir. 1992). To make this determination, the Court balances the cost and inconvenience of piecemeal review and the danger of injustice from delay. See Road Sprinkler Fitters Local Union v. Continental Sprinkler Co., 967 F.2d 145, 148 (5th Cir. 1992). Accordingly, one

factor the Court must consider is whether the Fifth Circuit would have to decide the same issues more than once if there were subsequent appeals.   See H & W Indus., Inc. v. Formosa Plastics Corp., 860 F.2d 172, 175 (5th Cir. 1988).

B.

Sailboat Bay requests that this Court certify its May 13 Order and Reasons as a final judgment on the ground that "certification is in the best interest of the parties and judicial economy" and because "[a]djudicating the matter as a final judgment and permitting the plaintiff to appeal immediately will avoid piecemeal litigation and will provide for a more expedient resolution of the above captioned matter."  Boilerplate.

Sailboat Bay falls well short of convincing the Court that an immediate appeal of this Court's Order and Reasons would alleviate the potential danger of hardship or injustice caused by delay. That Sailboat Bay's claims against Tetra Tech remain pending demonstrates that there are unresolved issues that could result in a later appeal and therefore present a danger of piecemeal review. Sailboat Bay simply concludes, without establishing, that there is no just reason for delaying final resolution of its claims against the United States and the Corps; Sailboat Bay makes no attempt to meaningfully suggest how a final resolution of the issues presented by the government defendants is necessary to avoid injustice.  On this record, the Court cannot expressly determine that there is no

just reason for delay.[2]

IT IS ORDERED: that the plaintiff's Rule 54(b) motion to certify judgment as final is hereby DENIED.  IT IS FURTHER ORDERED: that, not later than July 17, 2015, the plaintiff and remaining defendant must submit simultaneous papers addressing the basis (if any) of this Court's subject matter jurisdiction.


New Orleans, Louisiana, June 17, 2015


MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] Although Tetra Tech did not file opposition papers to Sailboat Bay's Rule 54(b) motion, the government submitted a response, noting that Sailboat Bay "assumes, but does not address, the existence of the Court's ongoing subject-matter jurisdiction over the remaining claims against defendant, Tetra Tech EC, Inc."  A review of the pleadings suggests that Sailboat Bay and Tetra Tech are both Louisiana citizens.